Rhonda K. Wood, Justice, concurring. Arkansas Supreme Court Rule 4—3(i) provides that in cases involving a sentence of death or life imprisonment, that “the Court must review all errors prejudicial to the appellant.” A complete review of the record reveals the circuit court had to deal with extraordinary issues during these proceedings and handled them quite adeptly, While I cannot say that there is an error in the record, the manner in which defendant’s counsel dealt with the defendant’s mental competency is troubling. Defense counsel raised the issue of the defendant’s mental competency early in the case. The parties agreed to have the defendant placed at the Arkansas State Hospital for a mental evaluation. On May 29, 2013, the court conducted a mental-status hearing. Defense counsel informed the 125court that the State’s evaluation was complete and that the defense had subsequently hired its own mental evaluator, Dr. Patti Walz. The first mental evaluation is included in the record and includes a finding that the defendant was competent. On August 30, 2013, the court conducted a second mental-status hearing. Defense counsel informed the court that the second evaluation was complete, and a written report was prepared. All parties agreed that the report would be provided to the State and the circuit court; the report would also be filed under seal. Yet defense counsel did not actually state that he had a copy or had even read the report. It is unclear whether at that point he was relying on an oral or a written report. However, defense counsel announced that his client “is fit to proceed.” The court accepted that statement and entered an order finding the defendant fit to proceed. It is troubling that the second mental evaluation was never filed in the record. Given that the first evaluation found the defendant fit to proceed and his counsel announced he was fit to proceed, I cannot find under our Rule 4—3(i) review that it was a prejudicial error for the court to find the defendant fit to proceed. However, one cannot review what is absent from the record. Adding to the confusion is that the issue was raised again. At a subsequent hearing, defense counsel stated that he had reviewed both evaluations and did not see an Atkins issue. See Atkins v. Virginia, 536 U.S. 304, 122 S.Ct. 2242, 153 L.Ed.2d 335 (2002). However, that occurred at the same hearing where defense counsel was removed for substance-abuse problems. Additionally, at that hearing, his co-counsel stated the mental-capacity issue “hasn’t been adequately developed.” The record is largely silent regarding his capacity following that hearing. It is apparent that the circuit court was extremely concerned and made every allowance to let defense have additional time to prepare. However, the extent of the defense preparation is unclear from the record. | gfiBecause the sentence in this case may become irrevocable, it is my hope that any outstanding issues concerning the defendant’s competency and counsel’s adequacy of representation on these issues will be fully developed and resolved in Criminal Procedure Rule 37 proceedings.